# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Cary Kieffer,

                Plaintiff,        Case No. 17-cv-11307

v.                                    Judith E. Levy
                                       United States District Judge

Planet Fitness of Adrian, LLC
d/b/a Planet Fitness of Adrian,    Mag. Judge Stephanie Dawkins
Damian Berry, and Justin Bailey,   Davis

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [8] AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**

This is an employment discrimination case. Pending is defendants' motion to dismiss plaintiff's federal claims for failure to state a claim, and request for the Court to decline to exercise supplemental jurisdiction. (Dkt. 8.) For the reasons set forth below, the motion is granted.

## I. Background

The following facts are drawn from plaintiff's complaint, and are treated as true for the purposes of this motion.

Plaintiff Cary Kieffer served in the United States military for twelve years, from 1996 until 2008. On January 13, 2007, plaintiff suffered injuries to his leg and eye during an ambush in Mosul, Iraq.[1] He was also diagnosed with Post-Traumatic Stress Disorder ("PTSD") as a result of his military service. Plaintiff's manifestation of PTSD includes anxiety and panic attacks.

Plaintiff was hired to work for defendant Planet Fitness at their Adrian, Michigan location on October 9, 2015. When plaintiff was hired, he advised defendants, including Damian Berry, the owner of the franchise, and Justin Bailey, the general manager of the Adrian location, of his disabilities related to his military service. He also informed them that he would need to take pre-planned leave at certain times as a reasonable accommodation to attend medical appointments in Ann Arbor, Michigan, related to his disabilities.

In December 2015, plaintiff was promoted to the position of fitness instructor. In May 2016, plaintiff requested permission to take short breaks of one to two minutes to deal with anxiety attacks arising from

---

[1] Mosul is spelled as "Mozel" throughout plaintiff's complaint and briefing, but there does not appear to be a location in Iraq spelled in the latter manner. The Court assumes plaintiff means to refer to Mosul, absent any other indication.

his PTSD. Plaintiff does not state whether this request was granted, or whether he took any such breaks.

On May 28, 2016, plaintiff requested unpaid leave from his job for three medical appointments during the week of June 20, 2016. The request was granted. In late June 2016, plaintiff was given a raise. On July 5, 2016, plaintiff was terminated from his job "for no reason whatsoever." (Dkt. 1 at 6.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights on August 11, 2016. (Dkt. 1-2.) On February 1, 2017, the EEOC issued a Dismissal and Notice of Rights, including a Right to Sue letter. (Dkt. 1-3.)

Plaintiff timely filed suit on April 25, 2017, asserting claims for discrimination and retaliation under the Americans with Disabilities Act ("ADA"), failure to accommodate and wrongful discharge under Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"), and an unspecified claim under the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Defendants filed a motion to dismiss plaintiff's federal claims on June 21, 2017. (Dkt. 8.)

The motion is fully briefed, and the Court determines that oral argument is not necessary pursuant to E.D. Mich. Local R. 7.1(f)(2).

## II. Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Analysis

Although defendants' motion to dismiss is styled as one brought under both Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim, it is only the latter. Defendants move to dismiss all of plaintiff's federal claims, and state that the Court must decline the exercise of supplemental

4

jurisdiction over the remaining state law claims. (Dkt. 8-1 at 9.) Defendants have misread 28 U.S.C. § 1367(c)(3), which states that "district courts *may* decline to exercise supplemental jurisdiction over a claim [that is sufficiently related to the claims over which the court has original jurisdiction]. . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Section 1367(c) is permissive, not mandatory, and is not properly the subject of a motion to dismiss for lack of subject matter jurisdiction. Instead, the Court will interpret the motion as a request for the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims if his federal claims are dismissed.

Plaintiff's complaint sets forth that he requested two types of accommodations in May 2016: time for a short break when he was having a PTSD-related anxiety attack, and unpaid time to attend three medical appointments. According to his EEOC Charge of Discrimination, "[his] requests were granted." (Dkt. 1-2.) Further, he stated in that Charge of Discrimination that on July 5, 2016, he "was sent a text message from [his] employer stating that due to [his] prior commitments, [he] was terminated." (*Id*.) Plaintiff's complaint not only

5

does not expand on this text message to explain what "prior commitments" means, it omits any mention of the text message entirely and instead says that he was fired for "no reason whatsoever."

Plaintiff asserts that he was discriminated and retaliated against under the ADA, and that defendants violated USERRA by discriminating against him on the basis of his disabilities, because his disabilities arose from his service.

### A. ADA – Discrimination

"To recover on a claim for discrimination under the ADA, a plaintiff must show that he or she (1) is disabled, (2) otherwise qualified to perform the essential functions of the position, with or without accommodation, and (3) suffered an adverse employment action because of his or her disability." *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016). Defendants do not dispute that plaintiff is disabled within the meaning of the ADA, or that he was qualified to perform the essential functions of the position, with or without accommodation. Instead, defendants argue that plaintiff has failed to plead that he suffered an adverse employment action because of his disability.

Plaintiff alleges that at every point he requested an accommodation, it was given to him. Plaintiff argues that the close proximity between his requests and his termination give rise to an inference that his termination was because of his disability. (Dkt. 12 at 20.) However, plaintiff cites *Bernau v. Architectural Stainless, Inc.*, Case No. 17-cv-10766, 2017 WL 2831518 (E.D. Mich. June 30, 2017), in which that court held that temporal proximity creates such an inference for a claim under Michigan's Workers Disability Compensation Act, *not* the ADA. *Id.*, at *5.

Under the ADA, "temporal proximity may establish a *prima facie* case only if the temporal proximity is 'very close'." *Barrett v. Lucent Techs., Inc.*, 36 F. App'x 835, 843 (6th Cir. 2002) (citing *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001); *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999) (without additional evidence, two to five months is insufficient to create a triable issue of causation); *Cooper v. City of North Olmsted*, 795 F.2d 1265, 1272 (6th Cir. 1986)). Further, intervening facts may "negate any inferences that may arise from the temporal proximity between the protected activities and plaintiff's termination." *Barrett*, 36 F. App'x at 843. In the time between

7

plaintiff's requests for accommodation and his termination, his requests were granted and he was given a raise for his performance at work. Other than bare recitations of the applicable legal standard, plaintiff pleads no facts that would establish his disabilities were the but-for cause of his termination.

Plaintiff may also meet his *prima facie* burden under the indirect method of establishing a claim for disability discrimination. To do so, he must show that "(1) he or she is disabled, (2) he or she is otherwise qualified for the position, with or without reasonable accommodation, (3) he or she suffered an adverse employment decision, (4) the employer knew or had reason to know of the plaintiff's disability, and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced." *Ferrari*, 826 F.3d at 891-92 (further citations omitted). Here, plaintiff does not plead that the position remained open after he was terminated, that the employer sought other applicants, or that he was replaced.

Plaintiff argues that these facts can be "inferred from his Complaint." (Dkt. 12 at 21.) However, to survive a motion to dismiss, the complaint must "*contain* sufficient factual matter" to state a

plausible claim for relief. *Iqbal*, 556 U.S. at 678 (emphasis added). The Court cannot infer a series of post-termination actions by defendants that are alleged nowhere in the complaint.

Because plaintiff fails to plausibly plead a claim for discrimination under the ADA, this claim is dismissed.[2]

### B. ADA – Retaliation

The ADA states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). The ADA "protects individuals only from retaliation for engaging in, or aiding another who engages in, activity covered by the ADA." *Rorrer v. City of Stow*, 743 F.3d 1025, 1047 (6th Cir. 2014) (citing 42 U.S.C. § 12203(a)). "Protected activity typically refers to action taken to protest or oppose a statutorily prohibited

---

[2] Plaintiff also argues that the individual supervisor defendant may be held liable under the ADA. However, "[i]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases." *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999).

9

discrimination." *Id.* (citing *Goonan v. Fed. Reserve Bank of New York*, 916 F. Supp. 2d 470, 484-85 (S.D.N.Y. 2013)) (further citation omitted).

A *prima facie* case of retaliation requires the plaintiff plead facts showing that "(1) the plaintiff engaged in activity protected by the ADA; (2) the defendant knew of that activity; (3) the defendant took an adverse action against plaintiff; and (4) the adverse action was caused or motivated by the protected activity." *Mich. Flyer, LLC v. Wayne Cty. Airport Auth.*, 138 F. Supp. 3d 899, 902 (E.D. Mich. 2015) (citing *Rorrer*, 743 F.3d at 1046, *A.C. v. Shelby Cty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)).

On its face, plaintiff's retaliation claim is his discrimination claim restated, with the word "retaliation" substituted in the place of "discrimination." In the same way that plaintiff has failed to plead a causal connection for the purposes of his discrimination claim, so has he failed to plead a causal connection for the purposes of his retaliation claim. The complaint shows that in-between plaintiff's request for accommodations and his termination, he was at all times accommodated and even rewarded with a raise. Plaintiff again relies on *Bernau, supra,* to argue that temporal proximity alone suffices to plead

a causal connection under the ADA. (Dkt. 12 at 26.) That is not the law, and plaintiff's pleading does not suffice to establish a plausible cause of action for retaliation under the ADA.

### C. USERRA

Plaintiff alleges that his "past military service which resulted in his disability was a motivating factor in Defendants' decision to terminate his employment." (Dkt. 1 at 15.) Plaintiff relies on 38 U.S.C. § 4311(a), which states that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

"Section 4311 applies after reemployment has occurred and prohibits discrimination with respect to any benefit of employment against persons who serve in the armed services after they return from a deployment and are reemployed." *Petty v. Metro. Gov't of Nashville-Davidson Cty.*, 538 F.3d 431, 440 (6th Cir. 2008) (citing *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 930 (8th Cir. 2007)). "An individual

bringing a § 4311 claim has the initial burden of proving a prima facie case of discrimination by showing, by a preponderance of the evidence, that his protected status was a substantial or motivating factor in the adverse employment action(s)." *Petty*, 538 F.3d at 446.

A plaintiff may show discriminatory motivation by direct or circumstantial evidence, including:

> [P]roximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Hance v. Norfolk S. Ry. Co.*, 571 F.3d 511, 518 (6th Cir. 2009) (citing *Sheehan v. Dep't of Navy*, 204 F.3d 1009, 1014 (Fed. Cir. 2001).

In his response to the motion to dismiss, plaintiff states that his "taking time off work to go to the VA for medical reasons due to his wartime disabilities was a substantial or motivating factor in Defendants' decision to terminate him." (Dkt. 12 at 30.) Plaintiff's complaint dedicates only seven paragraphs to his USERRA claim, and only two to the underlying facts supporting the allegation. Those two

paragraphs are also nearly verbatim copies of each other, and consist of a conclusory allegation that the defendants each violated USERRA.

Plaintiff must allege that his protected status as a veteran was a substantial or motivating factor in his termination. Instead, he has alleged that his taking time off of work to attend medical appointments related to his disability was the substantial or motivating factor in his termination, which is an ADA claim. He then attempts to convert this claim into one under USERRA because his disability is *associated* with his military service. His military service ended over eight years before the events at issue in his complaint. He cites no other action, statement, or policy of the employer that could lead to a plausible inference of discriminatory intent.

Plaintiff's purported USERRA claim has no basis in law. As pleaded, it is a conclusory legal allegation with no factual support. As argued in his response to the motion to dismiss, it is not his military service that was the substantial or motivating factor in his termination, but his time off from work to attend medical appointments, the need for which arose from injuries sustained during his military service that ended eight years prior. USERRA is to be broadly construed in favor of

veterans and active members of the military. *Petty*, 538 F.3d at 446. It cannot be so broadly construed that a cause of action exists where the plaintiff argues that something other than his military status was the actual substantial or motivating factor for an adverse employment action, but he was also a veteran.

Accordingly, plaintiff's USERRA claim is dismissed.

### D. Exercise of Supplemental Jurisdiction

The Court will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claim. Defendants in their reply brief argue that the PWDCRA claim should also be dismissed on the merits with prejudice, but they did not move for such dismissal, and so it cannot be granted. The PWDCRA claim will be dismissed without prejudice to refiling it in Michigan state court.

### E. Leave to Amend

Plaintiff has sought leave to amend under Fed. R. Civ. P. 15(a)(2) in the event the Court dismissed any of the above claims. Under the Local Rules, parties seeking leave to amend must file a separate motion to amend their complaint, and attach the proposed amended pleading to the motion. E.D. Mich. Local R. 15.1.

The Court must deny leave to amend here because plaintiff has provided no reason that an amended complaint would not also be futile. As plaintiff notes, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (further citation omitted). A threadbare request to amend a complaint appended to the end of a response to a successful motion to dismiss is disfavored, because the Court has none of the information necessary to determine whether the amended complaint could survive a second motion to dismiss.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Defendants' motion to dismiss (Dkt. 8) is GRANTED;

The Court will decline to exercise supplemental jurisdiction over plaintiff's PWDCRA claim, and dismisses that claim without prejudice to refiling it in Michigan state court; and

Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: August 18, 2017<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2017.

s/Shawna Burns<br>
SHAWNA BURNS<br>
Case Manager