# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Cary Kieffer,

          Plaintiff,      Case No. 17-cv-11307

v.                               Judith E. Levy
                                  United States District Judge

Planet Fitness of Adrian, LLC
d/b/a Planet Fitness of Adrian, a    Mag. Judge Stephanie Dawkins
domestic limited liability company, Davis

          Defendant.

_____/

# OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO ENLARGE TIME TO FILE DISPOSITIVE MOTIONS [54]

Defendant Planet Fitness of Adrian seeks an enlargement of time to file a dispositive motion. (Dkt. 54.) The stipulated scheduling order has a dispositive motion deadline of February 15, 2019. (Dkt. 51 at 3.) Plaintiff Cary Kieffer's responses to the most recent set of interrogatories and production requests were due February 10, 2019 (Dkt. 54 at 14; Dkt. 56 at 2), but plaintiff did not respond until February 20, 2019. (Dkt. 54 at 12; Dkt. 56 at 2.) Three depositions were also scheduled to take place before February 10, 2019, but plaintiff adjourned them. (Dkt. 54 at 12;

Dkt. 56 at 2.) On March 4, 2019, defendant filed a motion to enlarge the time to file dispositive motions to March 30, 2019 (Dkt. 54), which plaintiff opposes. (Dkt. 56.)

Federal Rule of Civil Procedure 16 states that a scheduling order "may be modified only for good cause and the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citations omitted). Whether the opposing party will suffer significant prejudice is also an important consideration. *See Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003). In *Andretti v. Borla Performance Industries, Inc.*, good cause existed where the plaintiff did not "complete his compelled responses to [defendant's] discovery requests until after the scheduled dispositive motion deadline" and the modification was affirmed because the plaintiff also made no showing of prejudice. 426 F.3d 824, 830 (6th Cir. 2005). Consent to modify a scheduling order is left to the sound discretion of the district judge. *See Leary*, 329 F.3d at 905–06.

Despite plaintiff's opposition, defendant satisfies good cause and the Court will modify the schedule. Defendant raises two arguments showing good cause: first, plaintiff did not respond to interrogatories and requests for discovery production until after the dispositive motion deadline, and second, plaintiff adjourned three depositions scheduled to take place before the dispositive motion deadline. (Dkt. 54 at 13.) Plaintiff does not dispute this. (Dkt. 56 at 4.) Plaintiff makes no showing of prejudice it would suffer were the scheduled modified. (*See* Dkt. 56.) As in *Andretti*, plaintiff did not respond in a timely manner to discovery before the dispositive motion deadline and failed to show prejudice. Furthermore, there is additional good cause, the depositions that plaintiff adjourned, which also counsels in favor of granting the motion to modify the schedule.

Plaintiff responds that neither his late responses to the interrogatories and production requests nor the adjourned depositions form a basis for a dispositive motion because defendant already had the documents requested or was aware of the documents and could have subpoenaed them. (Dkt. 56 at 2–3.) Plaintiff also asserts that he

adjourned the depositions to save costs before the settlement conference on March 1, 2019. (*Id.* at 3.)

These arguments are unpersuasive. First, it is reasonable that defendant was depending on a lack of new information as much as new information from plaintiff's responses and the adjourned depositions to determine whether it would file a dispositive motion. Moreover, were the Court to accept this argument, parties could evade the scheduling order and dictate whether the opposing party needs the discovery materials to file a dispositive motion. Second, plaintiff's argument that he sought to cut costs by adjourning the depositions has no bearing on whether defendant has good cause to support this modification or whether plaintiff would suffer prejudice were the Court to grant the modification.

Accordingly, defendant's motion (Dkt. 54) is **GRANTED**. Parties must file dispositive motions on or before **April 12, 2019**. All other dates in this case remain unaffected.

IT IS SO ORDERED.

Dated: March 26, 2019     s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                          United States District Judge